UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Michael Ericksen and
John Doe,

   Plaintiffs,

v.                Civil Case No. 16-13038

                 Hon. George Caram Steeh

                Hon. Mona K. Majzoub, Mag. Judge

United States,

   Defendant.

_____/

**PLAINTIFFS' MOTION FOR ORDER WAIVING STRICT
COMPLIANCE WITH FRCP 10(a), BRIEF, AND
CERTIFICATE OF SERVICE**

**Motion**

(1) Plaintiffs commenced this action on August 22, 2016.

(2) In connection with events described in the Complaint that occurred on June 22, 2012, Plaintiff John Doe ( a pseudonym) was charged by the City of Port Huron with misdemeanor possession of drug paraphernalia and a small amount of marijuana.

(3) Doe was 19 years old on June 22, 2012.

(4) Pursuant to the Holmes Youthful Trainee Act, MCL §762.11 *et seq.* (HYTA), the criminal proceedings against Doe have been made inaccessible to the public.

(5) This proceeding is related to a previous proceeding in this Court bearing case no. 15-10088.

(6) Doe's actual name in the related proceeding is in the title of the complaint, pleadings, and other documents filed in that case.

(7) The docket in the case at bar identifies the case number of the prior proceeding and describes it as a "[p]ossible companion case."

(8) An affidavit attached to Plaintiffs' response to a dismissal motion filed in the case at bar discloses Doe's identity.

(9) An attachment to this motion discloses Doe's identity.

(10) Defendant's dismissal motion and Plaintiffs' response thereto include the case number of the prior proceeding.

(11) Members of the general public can readily ascertain Doe's identity from publically accessible court documents.

(12) Doe's identity is known to the Court.

(13) Doe's identity is known to Defendant.

(14) Doe has ratified the case at bar.

(15) Use of a pseudonym in the Complaint's title does not adversely affect Defendant's ability to defend against this action.

(16) Use of a pseudonym in the Complaint's title does not compromise the Court's ability to adjudicate this action.

(17) FRCP10(a) requires that the Complaint's title name all parties.

(18) Compliance with Rule 10(a) in regard to Doe would undermine the the rehabilitative purpose of HYTA.

(19) Compliance with Rule 10(a) in regard to Doe would promote no compelling federal interest.

(20) Compliance with Rule 10(a) in regard to Doe would undermine compelling federal interests.

(21) Defendant declined Plaintiffs' request for concurrence in the relief sought by this motion.

Accordingly, and for the reasons set forth in the brief that follows, Plaintiffs ask that the Court grant this motion, and enter an order waiving compliance with Rule 10(a) insofar as it pertains to Doe.

December 8, 2016　　　　　　　　　　　　　　/s/ Michael Ericksen (P40385)
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　　　　8376 Huntington Road
　　　　　　　　　　　　　　　　　　　　　　　　Huntington Woods, MI 48070
　　　　　　　　　　　　　　　　　　　　　　　　　　　248-217-9705
　　　　　　　　　　　　　　　　　　　　　　　　mlericksen@yahoo.com
　　　　　　　　　　　　　　　　　　　　　　　　　　December 8, 2016

# BRIEF

KEY ISSUES PRESENTED BY DISMISSAL MOTION

Is Doe anonymous?  Plaintiffs answer "no."

Is the general public readily able to ascertain Doe's identity?  Plaintiffs answer "yes."

Does non-compliance with Rule 10(a) prejudice Defendant?  Plaintiffs answer "no."

Does non-compliance with Rule 10(a) adversely affect the Court's ability to adjudicate the case at bar? Plaintiffs answer "no."

Would Doe's forced compliance with Rule 10(a) undermine the effectiveness of HYTA and the state-court order based upon that legislation?  Plaintiffs answer "yes."

Would Doe's forced compliance with Rule 10(a) undermine the federal interest in encouraging the vindication of rights afforded under federal law?  Plaintiffs answer "yes."

Would Doe's forced compliance with Rule 10(a) undermine the federal interest in federal-state comity?  Plaintiffs answer "yes."

## CONTROLLING/MOST APPROPRIATE AUTHORITY

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)

*Younger v. Harris*, 401 U.S. 37 (1974)

*Ericksen v. Doe*, No. 15-2128, 2015 WL 4041316 (E.D. Mich July 1, 2015), *aff'd*, *D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016)

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004)

*U.S. v. One Parcel of Property*, 930 F.2d 139 (2d Cir. 1991 (*per curiam*)

*Caywood v. Anonymous Hospital*, 856 F.Supp.2d 1001 (S.D. Ind. 2012)


*People v. Perkins*, 107 Mich. App. 440 (1981)

Opinion of State-Court Judge Monaghan (attached)


MCL §762.11 *et seq*.

## DISCUSSION

Doe isn't anonymous. His identity is known to both Defendant and the Court by virtue of case No. 15-10088 (appellate case no. 15-2128), which has Doe's real name in the complaint's title. While that case was still pending, Doe pleaded guilty in state court to a misdemeanor offense stemming from the events described in this Complaint. Complaint at ¶¶ 35-46; MCL §762.11(1). In exchange for this plea, the state-court record was closed to public inquiry pursuant to the Holmes Youthful Trainee Act ("HYTA"), MCL §762.11 *et seq. See* MCL §762.14(4). HYTA is a "remedial" statute intended to reduce the risk that persons aged 17 to 23 (Doe was 19 at the time) are "stigmatized with criminal records for unreflective and immature acts." *People v. Perkins*, 107 Mich. App. 440, 444 (1981).

After entering into the HYTA-based plea agreement, Doe sought an order in the related proceeding that would accommodate HYTA objectives by concealing his name in publically accessible case documents. Brief in Support of Motion for Protective Order at 7 (R29, Case No. 15-10088). Doe noted in connection with the request that the Court had *sua sponte* afforded the defendants a considerable degree of anonymity by not disclosing their names in either the caption or text of

its order dismissing the case.[1] Reply in Support of Motion for Protective Order at 3 (R32, Case No. 15-10088).

In denying the motion for a protective order, the Court responded to Doe's observation by asserting that the defendants' names were "readily available to the general public." Order Denying Motion for Protective Order at 3 (R33, Case No. 15-10088). This was so, the Court implied, because those individuals were "specifically named on the court's docket sheet as well as in the parties' motion papers." *Id*.

As was true for the defendants in the related proceeding, little effort would be required to identify Doe from the electronic docket for the case at bar, which states the lower-court case number of the earlier action and describes it as a "[p]ossible companion case." That case number is also disclosed in this motion, the dismissal motion, and the response to the dismissal motion. *See* Brief in Support of Dismissal Motion at 11; Response to Dismissal Motion at pp. 5, 7-9, 12. The affidavit in support of the response identifies Doe, as does the attachment

---

[1]The dismissal order was published by Westlaw and, presumably, other legal publications. *See Ericksen v. Doe*, No. 2:15-cv-1008, Jul 1, 2015, 2015 WL 4041316 , *aff'd*, *D.E. v Doe*, 834 F.3d 723 (6th Cir. 2016). It's safe to assume that public knowledge of the case is for the most part limited to information contained in published judicial decisions. *See* Brief in Support of Motion to Reconsider at 19 n.7 & accompanying text (R34, Case No. 15-10088). The Sixth Circuit implicitly recognized this fact when it "exercise[d]" its "discretion" not to release Doe's name in its "published opinion." *D.E.*, 834 F.2d at 729.

to this motion. The electronic docket for the Sixth Circuit's published decision in the related case identifies Doe by name.

Because Doe's identity is easily ascertainable, individuals in the general public are "deprived" of that information only to the extent they don't care to engage in the minimal level of "investigation" required to obtain it. The federal interest in satisfying idle curiosity is far less compelling than Michigan's interest in allowing youthful offenders a degree of anonymity as a means of promoting rehabilitation. *Cf., e.g., Caywood v. Anonymous Hospital*, 856 F.Supp.2d 1001, 1004 (S.D. Ind. 2012) ("[T]he Court sees no reason not to recognize and give effect to the public policy reasons underlying the . . . [Indiana Medical Malpractice Act] and allow . . . parties [accused of medical malpractice] to [protect their professional reputation by] maintain[ing] their anonymity [in federal court] during the pendency of . . . [state administrative] proceeding[s].").

The interest served by requiring Doe's compliance with FRCP 10(a) also pales in comparison to other federal interests. One such interest is encouraging aggrieved persons to vindicate their federal Constitutional and statutory rights. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 n.22 (1984). Another is refraining from interference with legitimate State objectives. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1974); *compare, e.g., U.S. v. One Parcel of Property*, 930 F.2d 139, 141 (2d Cir. 1991) (*per curiam*) ("[A]s a matter of comity federal courts

accord deference to state-created privileges . . . [unless the privilege is] outweighed by a federal interest in presenting in presenting relevant information to a trier of fact . . . .").

FRCP 10(a) would require Doe to use his real name in the title of Plaintiffs' complaint. Courts, however, have authority to allow an action to be prosecuted anonymously. *See, e.g., Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004). That authority logically encompasses judicial discretion to waive compliance with Rule 10(a) insofar as it pertains to a party who is *not* anonymous. Plaintiffs request that the Court do so for Doe.

December 8, 2016                                      /s/ Michael Ericksen (P40385)
                                                              Attorney for Plaintiffs


### Certificate of Service

I certify that on December 8, 2016, I electronically filed this document with the Clerk of Court using the ECF system, which will send notice of the filing to opposing counsel.

December 8, 2016                                      /s/ Michael Ericksen (P40385)
                                                              Attorney for Plaintiffs