UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ERICKSEN
and JOHN DOE,

CASE NO. 16-cv-13038
HON. GEORGE CARAM STEEH

       Plaintiffs,

v.

UNITED STATES OF
AMERICA,

       Defendant.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR AN ORDER
WAIVING STRICT COMPLIANCE WITH FEDERAL
<u>RULE OF CIVIL PROCEDURE 10(a) (Doc. 10)</u>**

This Federal Tort Claims Act ("FTCA") action, brought by plaintiffs Michael Ericksen and John Doe, arises out of the same events as Doe's prior *Bivens* lawsuit against United States Customs and Border Protection officers. In his prior *Bivens* action, Doe alleged violations of his Fourth Amendment rights arising out of his arrest after marijuana and drug paraphernalia were found in the trunk of his vehicle at the international border at the Blue Water Bridge in Port Huron, Michigan. Now before the court is Doe's motion to proceed anonymously in this case, to be identified on the docket sheet and court caption in all papers filed in this court as

"John Doe." The government opposes the motion on the grounds that Doe has failed to show a compelling reason to deviate from the general rule that court proceedings should be open to the public. For the reasons set forth below, plaintiffs' motion to allow Doe to proceed anonymously shall be denied.

In Doe's prior *Bivens* action arising out of the same facts presented in this suit, the court denied Doe's motion for a protective order to conceal his identity. As a result of Doe's June, 2012 arrest after marijuana and drug paraphernalia were found in his car at the international border, Doe pled guilty in state court to a misdemeanor offense. At the time of his arrest, he was 19 years of age. Pursuant to the Holmes Youthful Trainee Act ("HYTA"), MCL § 762.11 *et seq.*, based on Doe's age and other factors, his criminal record was sealed.

In Doe's prior federal lawsuit, this court rejected Doe's argument that his identity should be shielded in order to achieve the purposes of the HYTA, finding that Doe had failed to articulate concerns that outweighed the presumption of openness in judicial proceedings, and that plaintiff had forfeited his ability to keep secret his actions at the international border when he sued United States Customs and Border patrol agents. On appeal, the Sixth Circuit ruled that this court did not abuse its discretion in

denying Doe's motion for a protective order to protect his identity, and affirmed. *D.E. v. John Doe*, 834 F.3d 723, 728-29 (6th Cir. 2016). However, the Sixth Circuit exercised its discretion to refer to Doe by his initials in its published opinion.

The public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a). Only in exceptional cases does a party's desire to proceed anonymously trump the presumption of disclosure. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). To determine whether to allow a party to remain anonymous, some of the factors the court may consider are: "(1) whether the plaintiff is suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child." *Marsh*, 123 F. App'x at 636 (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). As discussed in the court's prior opinion denying Doe's request for a protective

order, the only factor Doe arguably can satisfy is the first one. Upon consideration, Doe fails to meet that factor as well.

As to the first factor, only in "a very few cases challenging governmental activity can anonymity be justified." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Sixth Circuit has recognized the need for anonymity only in those exceptional cases where plaintiffs are suing to challenge government activity which requires "plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Porter*, 370 F.3d at 560. *Porter* involved the possible disclosure of plaintiffs' religious beliefs in a suit concerned parents brought to challenge the teaching of the bible in public schools. *Id.* at 559. In that case, the disclosure of the parents' identities was likely to subject them to public attacks as a letter to the editor and an article in the local media had already threatened to harm the plaintiffs if their identifies were made known. *Id.* Here, by contrast, there is no suggestion that Doe risks any public persecution if his identity is revealed. Notably, Doe's identity is already available based on the prior lawsuit, and plaintiff can point to no harassment or public ramifications based on his public disclosure there.

Also, considering the substance of the government activity that is being challenged here weighs against allowing Doe to proceed

anonymously. This court and the Sixth Circuit have already found that the government conduct at issue here comports with Constitutional requirements based on the border search exception and the doctrine of qualified immunity. This lawsuit filed under the Federal Torts Claims Act, arises out of the same facts and circumstances as Doe's *Bivens* claim; thus, the court anticipates granting the government's pending motion to dismiss under the doctrines of claim preclusion and issue preclusion. Given the lack of merit to plaintiffs' lawsuit, there is no compelling governmental interest sought to be enforced which would justify departing from the general presumption of full disclosure in judicial proceedings.

Second, Doe cannot show that this case involves the sort of sensitive and highly private information which courts have found deserving of anonymity such as birth control, abortion, homosexuality, or religious beliefs capable of subjecting plaintiffs to considerable harassment. *See Porter*, 370 F.3d at 560-61; *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffee*, 599 F.2d 707, 712-13 (5th Cir. 1979). Unlike cases where courts have allowed for plaintiffs to remain anonymous, plaintiff here did not put himself in jeopardy of any hostile public reaction from those opposing his viewpoint. *See Stegall*, 653 F.2d at 186.

Third, Doe does not risk criminal conviction by bringing this lawsuit

nor disclose any intent to violate the law. Doe has already pled guilty to the misdemeanor offense in state court, and that criminal matter is now closed. Fourth, plaintiff was 19 years old at the time of his arrest on June 22, 2012, making him about 24 years old now. Courts have generally only granted protection to very young children. *Porter*, 370 F.3d at 561. Under the four factors identified by the Sixth Circuit in *Porter*, and considering the record as a whole, this is not the sort of case deserving of an exception from the general rule that court proceedings should remain open and the identity of the parties should be made known to the public.

In the motion now before the court, Doe argues that he should be allowed to proceed anonymously because (1) this court should refrain from interfering with Michigan's objectives in the HYTA, (2) Doe's interest in pursuing his federal Constitutional and statutory rights outweigh the normal requirement that litigants be identified, and (3) the public still will be allowed to identify him by name by referring to his prior lawsuit which is identified on the electronic docket as a possible companion case. None of his arguments suggest that this court should treat his desire to remain anonymous now any differently than it did in denying his same request in his prior related lawsuit.

The court rejects Doe's argument that requiring him to proceed under

his own name, rather than anonymously, undermines the remedial provisions of the HYTA. Doe argues that HYTA's anonymity requirement is intended to reduce the risk that persons aged 17 to 23 are "stigmatized with criminal records for unreflective and immature acts." *People v. Perkins*, 107 Mich. App. 440, 444 (1981). If Doe's criminal record is made public, it is only because Doe chooses to make it public by suing the government. The statute only applies to offenders who plead guilty, so that acceptance of responsibility is necessarily part of the remedial purpose of HYTA. Where an offender sues the government for the conduct of law enforcement officers in effectuating his arrest, the offender is no longer accepting responsibility for his own actions, and the remedial purpose of the HYTA is no longer implicated. In short, there is no need for the court to shield Doe from his own conduct.

Next, the court considers whether Doe's stated interest in pursuing his Constitutional and statutory rights justifies allowing him to proceed anonymously. The government responds persuasively that Doe's interest in pursuing his federal rights is no different than any other FTCA or *Bivens* plaintiff. Allowing plaintiff to proceed anonymously on this basis would eviscerate the general rule that court proceedings are public and parties must be named.

Finally, the court considers Doe's claim that even if the court allows him to proceed anonymously in this action, the public could still discover his identity by searching for the companion case identified on the electronic docket. The government responds that if Doe's real name is not in the caption, an electronic search for cases in which he appears as a plaintiff or defendant will not uncover his name. Thus, for practical purposes, if he is allowed to proceed anonymously in this case, his identity will remain a secret.

Because Doe has failed to show a compelling reason to deviate from the general rule that parties to a lawsuit must be named, Doe's motion to waive compliance with Federal Rule of Civil Procedure 10(a) (Doc. 10) is DENIED.

Should John Doe wish to remain anonymous, Doe remains free to voluntarily dismiss this lawsuit before he is identified on any court papers. Accordingly, the court shall not identify Doe on any court documents until January 31, 2017, so that Doe may have an opportunity to withdraw this case.

**IT IS SO ORDERED.**

Dated:  January 19, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 19, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk