UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ERICKSEN and                    CASE NO. 16-CV-13038
MICHAEL ERICKSEN,                      HON. GEORGE CARAM STEEH

                    Plaintiffs,

v.

UNITED STATES OF AMERICA,

                    Defendant.
                                        /

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 7)

This Federal Torts Claims Act ("FTCA") action is the second case

plaintiff Daniel Ericksen ("Daniel") has brought arising out of his arrest after

marijuana and drug paraphernalia were found in the trunk of his vehicle at

the United States and Canadian border at the Blue Water Bridge in Port

Huron, Michigan.  Now before the court is the government's motion to

dismiss.  Having carefully reviewed the written submissions, the court finds

that the matter may be decided without oral argument pursuant to Local

Rule 7.1(f)(2).  Based on the doctrine of issue preclusion and claim

preclusion, and because routine searches and seizures at an international

border are lawful simply because they occur at the border where there is no

- 1 -

need for probable cause, reasonable suspicion, or a warrant, the government's motion to dismiss shall be granted.

## I. Background

In deciding the government's motion to dismiss, the court has carefully considered the allegations in the complaint as well as the prior opinion of this court granting defendants' motion to dismiss in Daniel's prior *Bivens* suit, and the Sixth Circuit's decision affirming that order. *D.E. v. John Doe I*, 834 F.3d 723 (6th Cir. 2016).

On June 22, 2012, Daniel was en route to a summer camp in Michigan when he missed his turn and inadvertently ended up at the international border crossing to Canada at the Blue Water Bridge in Port Huron, Michigan. When Daniel presented at the primary inspection booth at the international border, a CBP agent searched his vehicle and discovered marijuana and drug paraphernalia in a backpack in his trunk. A canine also alerted to drugs. Daniel was arrested, and state authorities charged him with misdemeanor drug offenses of possession of marijuana and possession of drug paraphernalia. Daniel sought to suppress the evidence in his state criminal proceedings, and the state judge denied his motion. Daniel appealed the ruling, and the circuit court affirmed. Daniel

ultimately pleaded guilty to a misdemeanor possession of drug

paraphernalia and was sentenced to one month probation under the

Holmes Youthful Trainee Act ("HYTA").

In his first suit, brought under *Bivens v. Six Unknown Named*

*Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

Daniel  alleged that the search of his vehicle and his arrest at the border

crossing violated his Fourth Amendment rights.  In the earlier lawsuit, in

which Daniel was represented by his father, Michael Ericksen ("Michael"),

defendants were four named Customs and Border Protection ("CBP")

officers and two unnamed defendants. In the earlier matter, the court found

that the border search exception applied and thus, defendants did not

violate Daniel's Fourth Amendment rights, and dismissed the suit.  The

Sixth Circuit affirmed.  *D.E.*, 834 F.3d at 727-28.

In this second lawsuit brought under the FTCA, Daniel and his father,

Michael, allege false arrest and imprisonment; Daniel for his arrest in June,

2012 at the international border crossing at the Blue Water Bridge, and

Michael for his visit to the same international border crossing in November,

2012, when he attempted to secure documents related to Daniel's earlier

search and arrest by CBP officers at the border.  In this suit, Daniel also

alleges battery by a CBP officer arising out of the same encounter he had

with CBP officers on June 22, 2012.  Defendant seeks dismissal for failure

to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Rule 12(b)(6) Dismissal Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether

the plaintiff has stated a claim upon which relief may be granted.  Under the

Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe

the complaint in favor of the plaintiff, accept the allegations of the complaint

as true, and determine whether plaintiff's factual allegations present

plausible claims.  "[N]aked assertions devoid of further factual

enhancement" are insufficient to "state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a Rule

12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more

than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of*

*Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550

U.S. at 555) (citations and quotations omitted).  Even though the complaint

need not contain "detailed" factual allegations, its "factual allegations must

be enough to raise a right to relief above the speculative level on the

assumption that all of the allegations in the complaint are true." *Id.* (*citing*

*Bell Atlantic*, 550 U.S. at 555).

### III. Analysis

### A.   Issue Preclusion Bars Daniel's Claims of False Arrest and False Imprisonment

Daniel's claim of false arrest and imprisonment is barred by the

doctrine of issue preclusion because this court previously found that

Daniel's detention and arrest at the international border was lawful, and the

Sixth Circuit affirmed.  Issue preclusion bars a party from relitigating an

issue of law necessary to a judgment, which has been previously decided

by a court of competent jurisdiction, even if the new case is based on a

different cause of action.  *Rambacker v. C.I.R.,* 4 F. App'x 221, 223 (6th

Cir. 2001) (citing *United States v. Mendoza*, 464 U.S. 154, 158-59 (1984)).

Four  criteria must be met for issue preclusion to apply: "(1) the identical

issue was raised and actually litigated in a prior proceeding; (2) the

determination of the issue was necessary to the outcome of the prior

proceeding; (3) the prior proceeding resulted in a final judgment on the

merits; and (4) the party against whom issue preclusion is sought had a full

and fair opportunity to litigate the issue in the prior proceeding."  *Gen.*

- 5 -

*Elect. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010) (citing *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW,* 97 F.3d 155, 161 (6th Cir. 1996)).  In this case, all four criteria are easily met.

In this FTCA suit, Daniel alleges that his detention by CBP constitutes false imprisonment and false arrest under Michigan law.  Specifically, he claims that CBP lacked the authority to hold him longer than necessary to determine that he did not intend to cross the bridge into Canada, and that he was unlawfully detained when he was required to report to a primary officer prior to exiting the bridge, at the pre-primary area, at the primary inspection booth, in the secondary-inspection area, and in the station house.

Under Michigan law, a "false arrest is an illegal or unjustified arrest," while false imprisonment is "an unlawful restraint on a person's liberty or freedom of movement."  *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 17-18 (2003).  A false imprisonment claim "is broader, but includes a false arrest involving law enforcement."  *Moore v. City of Detroit*, 252 Mich. App. 384, 387 (2002).  The elements of a false imprisonment claim are: (1) an act committed with the intention of confining another, (2)

2:16-cv-13038-GCS-MKM   Doc # 19   Filed 03/09/17   Pg 7 of 15   Pg ID 201

the act directly or indirectly results in such confinement, (3) the person confined is conscious of his confinement, and (4) the imprisonment was false - without the right or authority to confine. *Id.* at 387-88. To prevail on a false arrest claim, plaintiff must show that the arrest lacked probable cause. *Peterson*, 259 Mich. App. at 18. Where the arrest is lawful, there is no false arrest or false imprisonment claim. *Id.*

Issue preclusion bars Daniel's claims for false imprisonment and false arrest under all four criteria. First, this court and the Sixth Circuit determined that his detention and arrest were lawful based on the border search exception in his prior *Bivens* action. Under the border search exception, routine searches at an international border do not require a warrant, probable cause, or reasonable suspicion. In Daniel's earlier filed *Bivens* suit, the Sixth Circuit specifically found that Daniel's arrest was lawful and his post-arrest detention was also lawful because his detention of roughly one hour was reasonable given his presence at an international border, and the detention was for the sole purpose of waiting for local law enforcement to arrive to take Daniel into custody after marijuana and drug paraphernalia were discovered in his backpack following a search of his vehicle. *D.E.*, 834 F.3d at 727.

- 7 -

Second, the court's determination of the lawfulness of his arrest and detention were necessary to the outcome of his *Bivens* suit.  Third, the *Bivens* action resulted in a final judgment on the merits and on appeal.  Fourth, Daniel had a full and fair opportunity to litigate the lawfulness of his arrest and detention in his prior *Bivens* suit.

Plaintiffs' arguments that issue preclusion does not apply are not persuasive.  First, plaintiffs argue that this court's holding and the Sixth Circuit's holding that CBP can lawfully subject motorists presenting at the international border to suspicionless searches amounts to dicta because it was based on the theory that turnaround motorists lie about their intentions to cross the border.  Plaintiffs are correct that this court  recognized that one of the policy reasons for applying the border search exception universally to all those presenting at the international border, regardless of their subjective intent to cross the bridge or not, is the necessity for administrative ease in maintaining our nation's borders.  The recognition of this one policy justification for universal application of the border search exception rule, even to those motorists presenting at the border by mistake, does not render this court's and the Sixth Circuit's holdings about the lawfulness of Daniel's arrest and detention as mere dicta.  In fact, the

- 8 -

court's application of the border search exception to Daniel's case was at the very crux of its decision, and it certainly could not be properly characterized as mere dicta.

Second, plaintiffs argue that this court and the Sixth Circuit did not consider whether CBP's policy of searching motorists at the Blue Water Bridge without reasonable suspicion or probable cause is statutorily authorized, but only considered whether their policy comported with the Fourth Amendment.  This statement is untrue.  This court's prior opinion specifically referenced 19 U.S.C. § 1581(a) as authorizing suspicionless border searches.  (15-10088, Doc. 45 at PageID 345).  The Sixth Circuit also specifically pointed to 19 U.S.C. § 1581(a) which authorizes the stops and searches about which plaintiffs complain.  *D.E.*, 834 F.3d at 728.  In sum, plaintiffs' argument that this court and the Sixth Circuit's determination that CBP's stop, search, arrest, and detention of Daniel were lawful was not *necessary* to the dismissal of his prior *Bivens* suit must be summarily rejected.  Having found that the doctrine of issue preclusion precludes Daniel's from using the FTCA to relitigate the lawfulness of his arrest and detention, the court does not address whether his false imprisonment and

false arrest claims also must be dismissed under the holding of *Heck v. Humphrey*, 512 U.S. 477, 478-79 (1994).

## B.   Daniel Fails to State a Claim for Battery

Daniel asserts a state law battery claim arising out of CBP Officer Vittorini's conduct in arresting him.   Specifically, plaintiffs allege, "[s]ubsequent to the vehicle search, Vittorini entered the station house, pushed [Daniel] against a desk, forced him to place his arms behind his back, and handcuffed him."  (Complaint, ¶ 36).  Plaintiff does not allege that Officer Vittorini used unreasonable or excessive force, nor does he claim any injury.  Michigan law defines a battery as "the willful and harmful or offensive touching of another person which results from an act intended to cause such a contact."  *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (1991).  Michigan law provides that "an arresting officer may use such force as is reasonably necessary to effect a lawful arrest."  *Young v. Barker*, 158 Mich. App. 709, 723 (1987).  Here, the lawfulness of plaintiff's arrest was established in his prior *Bivens* suit, and plaintiff has not alleged that the amount of force used to effectuate his arrest was unreasonable. Accordingly, the government is entitled to dismissal of Daniel's battery claim.

- 10 -

In addition, the government is entitled to dismissal of Daniel's battery claim under the doctrine of claim preclusion.  Claim preclusion operates to bar claims which should have been litigated in an earlier proceeding. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766  (6th Cir. 2015) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). To establish claim preclusion, the defendant needs to show "(1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Id.* (internal quotation marks omitted, citing *Montana v. United States,* 440 U.S. 147, 153 (1979)).  All four elements are met here.

First, this court entered final judgment in Daniel's *Bivens* action which the Sixth Circuit affirmed.  Second, this action involves the same parties as the FTCA claim merely substituted the government for the individual CBP officers.  *See* 28 U.S.C. § 2674.  Third, any claim of unreasonable force during Daniel's arrest could and should have been litigated under the Fourth Amendment in his *Bivens* suit.  Fourth, both claims arise from the

- 11 -

same transaction.  That transaction was Daniel's June 2012 arrest at the international border.

Plaintiff's argument that he is not challenging the constitutionality of the arresting officer's conduct and thus, his failure to alleged unreasonable force in his *Bivens* claim should not bar him from suing the government for an unlawful touching now is not persuasive.  Both arise from the same underlying conduct.   Moreover, the arresting officer's conduct must be evaluated in the context of the lawfulness of the arrest - the same inquiry which would have applied in his *Bivens* suit.  Plaintiffs' reliance on *Montana v. United States*, 440 U.S. 147 (1979) does not alter this court's conclusion here.  In *Montana*, the Supreme Court, in addressing issue preclusion, found that the government was estopped from bringing a federal lawsuit when it could have raised the same constitutional issues in the earlier filed state court case brought by a federal government contractor, where the government, while not a named plaintiff, actually directed and controlled the state court litigation.  *Id.* at 153-63.

In *Montana,* the Supreme Court identified the policy reasons supporting application of issue preclusion as follows: "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to

litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources,  and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id. at* 153–54 (1979).  Those policies are vindicated by the application of issue preclusion and claim preclusion here.  Daniel has had his day in court to challenge the conduct of CBP officers who stopped him at the international border on June 22, 2012.  There is no justification for allowing him to relitigate those matters in a second repetitive lawsuit.  In sum, having met all four elements for claim preclusion, the government's motion to dismiss Daniel's battery claim shall be dismissed.

**C.     Michael Has Failed to State a Claim for False Imprisonment or False Arrest**

Michael asserts false arrest and imprisonment arising out of his visit to the toll-booth and station house at the Blue Water Bridge on November 20, 2012, when he presented to request a copy of the report involving his son's search and arrest that prior June.  Michael alleges that he was required to provide identification and to have his backpack searched. (Complaint, ¶¶ 55-56, 61).  He alleges that CBP lacked the authority to detain him beyond the time required for the toll-booth officer to determine

- 13 -

that he did not intend to cross the bridge into Canada.  *Id.* at ¶ 92.

Michael's claim that he should have been treated differently than motorists

presenting at the international border who had or intended to cross the

bridge into Canada is not viable.  The Sixth Circuit has held that routine

searches and seizures at an international border are lawful because they

occur at the border and no probable cause, reasonable suspicion, or

warrant is required, regardless of the motorist's reason for being at the

international border, whether on purpose or by mistake.  *D.E.*, 834 F.3d at

727.

　　　Michael also claims that his false arrest and false imprisonment claim

is distinguishable from the situation presented in the prior *Bivens* suit

because he walked to the CBP station house and used a different entrance

than that used by CBP officers to escort motorists parked in the secondary

inspection area.  He further claims the border search exception does not

apply to pedestrians.  Michael's argument lacks merit as it is undisputed

that he arrived at the international border by motor vehicle.  For these

reasons, Michael has failed to state a claim for false arrest or

imprisonment.

## IV. Conclusion

For the reasons set forth above, defendant's motion to dismiss (Doc. 7) is GRANTED and this action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated:  March 9, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---