# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 20, 2018

Mr. Michael Lewis Ericksen
8376 Huntington Road
Huntington Woods, MI 48070

Ms. Patricia Gaedeke
United States Attorneys Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Re: Case No. 17-1526, *Daniel Ericksen, et al v. USA*
Originating Case No. : 2:16-cv-13038

Dear Counsel,

   The court today announced its decision in the above-styled case.

   Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                           Yours very truly,

                           Deborah S. Hunt, Clerk


                           Cathryn Lovely
                           Deputy Clerk

cc: Mr. David J. Weaver

Enclosures

Mandate to issue.

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0085n.06

CASE NO. 17-1526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DANIEL ERICKSEN and MICHAEL ERICKSEN,<br><br>    *Plaintiffs-Appellants*,<br><br>v.<br><br>UNITED STATES of AMERICA,<br><br>    *Defendant-Appellee*. | **FILED**<br>Feb 20, 2018<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF MICHIGAN |

Before: NORRIS, BATCHELDER, and STRANCH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Daniel and Michael Ericksen appeal the district court's dismissal of their lawsuit. We AFFIRM.

**I.**

Customs and Border Protection (CBP) officers guarding the international border with Canada found drugs and drug paraphernalia in Daniel Ericksen's car, handcuffed him, and detained him in a jail cell until local police arrived to take him into custody. Ultimately, Daniel pled guilty to a state-court misdemeanor charge and served one month probation.

Meanwhile, Daniel sued in federal court claiming that the CBP officers had violated his Fourth Amendment rights by detaining him and searching his car.[1] The district court dismissed the complaint, finding that the officers had "committed no Fourth Amendment violation when they conducted a routine search of [his] vehicle and arrested him, when he presented at an

Case 2:16-cv-13038-GCS-MKM ECF No. 24, PageID.219 Filed 02/20/18 Page 3 of 5
Case: 17-1526 Document: 20-2 Filed: 02/20/2018 Page: 2 (3 of 5)

Case No. 17-1526, *Ericksen v. United States*

international border checkpoint carrying marijuana and drug paraphernalia in his vehicle's trunk." *Ericksen v. Doe*, No. 15-CV-10088, 2015 WL 4041316, at *5 (E.D. Mich. July 1, 2015).

Daniel appealed, raising 19 issues for review, though "[h]is primary challenge [was] to the district court's ruling that the [officers] properly subjected him to a border search." *D.E. v. John Doe*, 834 F.3d 723, 726 (6th Cir. 2016). We affirmed and explained that "routine searches of vehicles at the border do not require a warrant or any level of suspicion." *Id*. at 727. We further explained that Daniel's "detention for roughly one hour was reasonable." *Id.*

Meanwhile, Daniel and his father, Michael Ericksen, sued the United States in federal court, based largely on these same events but this time accusing the CBP officers of false arrest, false imprisonment, and battery. The district court dismissed the suit based on issue and claim preclusion. *Ericksen v. United States*, No. 16-CV-13038, 2017 WL 930034, at *1 (E.D. Mich. Mar. 9, 2017). Specifically, the district court held that "Daniel's claim of false arrest and imprisonment is barred by the doctrine of issue preclusion because this court previously found that Daniel's detention and arrest at the international border was lawful, and the Sixth Circuit affirmed." *Id*. at *2. The court next ordered "dismissal of Daniel's battery claim under the doctrine of claim preclusion[,] . . . [which] operates to bar claims [that] should have been litigated in an earlier proceeding." *Id*. at *4. Finally, the court rejected Michael's separate claim of false arrest and imprisonment on the same basis as it had rejected Daniel's, concluding that "Michael has failed to state a claim for false arrest or imprisonment." *Id*. at *5.

In a separate order, the district court had previously denied the Ericksens' motion to disqualify the judge, which was predicated on their claim that the prior rulings against them demonstrated the judge's bias against them. But the court's rulings had been legally correct, as

---

[1] Daniel did not in that complaint accuse any of the officers of battery or any type of excessive force.

Case 2:16-cv-13038-GCS-MKM ECF No. 24, PageID.220 Filed 02/20/18 Page 4 of 5
Case: 17-1526 Document: 20-2 Filed: 02/20/2018 Page: 3 (4 of 5)

Case No. 17-1526, *Ericksen v. United States*

confirmed by our affirmance in the prior appeal. Therefore, the Ericksens had failed to show the bias necessary to disqualify the judge so the judge necessarily denied the motion.

## II.

The Ericksens contend that the district court judge should have granted their motion for his disqualification because a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and here—according to the Ericksens—the judge's prior rulings, which went against them, demonstrated his bias against them. This question of whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned . . . is *objective* and is not based on the subjective view of a party." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quotation marks and citation omitted). When the accusation of impartiality "springs from the facts adduced or the events occurring at trial," the accusing party must show that the impartiality was "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). Moreover, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id*. We review the district court's decision on such a charge for an abuse of discretion. *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013). Here, the Ericksens accuse the district court of impartiality because of—and only because of—the court's rulings against them, with which they continue to disagree. But in our view, and the view of the prior panel, the district court's prior rulings were legally correct, meaning that under our objective assessment, impartiality has not *reasonably* been questioned in this case. Consequently, we cannot find that the district court abused its discretion in denying the Ericksens' motion.

The Ericksens next contend that the district court erred by applying issue preclusion to Daniel's claims of false arrest and false imprisonment. But the court had previously determined,

3

Case 2:16-cv-13038-GCS-MKM ECF No. 24, PageID.221 Filed 02/20/18 Page 5 of 5
Case: 17-1526 Document: 20-2 Filed: 02/20/2018 Page: 4 (5 of 5)

Case No. 17-1526, *Ericksen v. United States*

and we had affirmed, that Daniel's arrest and detention were proper, given that the search was valid, inasmuch as searches at the border do not require a warrant or any level of suspicion. "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984).

Even accepting that Michael's claims of false arrest and false imprisonment are not precluded, as he was not a party to the previous litigation, *see id.*, he nonetheless fails to state a claim. Under Michigan law, "brief confinements or restraints are insufficient for false imprisonment." *Moore v. City of Detroit*, 652 N.W.2d 688, 691 (Mich. Ct. App. 2002). The only restraint on his liberty that Michael suffered was his presumed inability to leave while CBP officers searched his bag and conducted a warrant check. That brief delay did not amount to even constructive imprisonment or arrest.

Finally, the Ericksens contend that the district court erred by applying claim preclusion to Daniel's claim of battery. Whether or not the claim is precluded, Daniel nonetheless fails to state a claim. Daniel's battery claim is premised on the alleged unlawfulness of his arrest; he does not argue that excessive force was used. As the district court explained, Michigan law permits an arresting officer to "use such force as is reasonably necessary to effect a lawful arrest." *Young v. Barker*, 405 N.W.2d 395, 402 (Mich. Ct. App. 1987). This court has already held that searching Daniel's car was lawful, as was detaining him afterward, *D.E.*, 834 F.3d at 727; the arrest that linked that search to that detention was necessarily lawful as well. Using reasonable force to effectuate that arrest did not constitute battery.

## III.

For the foregoing reasons and as further articulated in the district court's thorough and well-written opinion, we AFFIRM the judgment of the district court.

4